IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE FRANK WRIGHT, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **NO. 5:11-CV-394 (HL)** |
| **VS.** : | |
| : | |
| **TAMIKA WALLER,** *et al.***,** : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** : | Before the U.S. Magistrate Judge |
| _____: | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Tamika Waller alleging that Plaintiff Willie Frank Wright, Jr. failed to exhaust his available administrative remedies prior to filing the instant action. Doc. 8. For the following reasons, it is **RECOMMENDED** that the Defendant's Motion to Dismiss be **GRANTED** and that this action **DISMISSED**.

## BACKGROUND

The present civil rights action arises out of incidents of excessive force and retaliation that occurred during January of 2010 at the Baldwin County Jail. This is the second action filed by Plaintiff concerning the above allegations. See Wright v. Waller, 5:10cv-254-MTT (Complaint, June 30, 2010). Plaintiff's previous action was dismissed without prejudice upon a finding that he failed to exhaust his available administrative remedies. Id. (Judgment, August 23, 2011). In that case, the Defendants produced evidence demonstrating that: 1) Plaintiff was aware of the grievance procedure; 2) Plaintiff filed grievances related to other matters; 3) the jail kept records of inmate grievances, and; 4) there was no record of a grievance filed related to the events alleged in the Plaintiff's Complaint. Id. (Report and Recommendation, June 15, 2011).

In the instant Complaint, Plaintiff claims to have remedied his earlier failure to exhaust by filing a grievance on June 24, 2011. In response, Defendant Waller filed the instant Motion to Dismiss. For the reasons that follow, the Defendant's Motion should be **GRANTED** and this action **DISMISSED**.[1]

## DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of his available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to properly exhaust his available administrative remedies. Id.

---

[1] Though Plaintiff has named Officer Freeland, Officer Butler, and Lee Simmons as Defendants, none of these individuals have been served and are, therefore, not yet properly before the Court.

In this case, the parties have submitted conflicting evidence regarding the exhaustion of remedies. Defendant has submitted relevant portions of the Baldwin County Sheriff's Office Inmate Handbook and an affidavit of Baldwin County Jail Administrator and records custodian Jeff Petty. In his affidavit, Petty explains that he maintains a file of all grievance forms and grievance appeals filed by inmates and that, based on his review of the file, Plaintiff has not filed a written grievance or administrative grievance appeal concerning events that allegedly occurred on January 8, 2010. Moreover, Petty notes that even if Plaintiff had filed a grievance on June 24, 2011, concerning events in 2011, his grievance would have been untimely under provision 1.2. of the Jail's grievance procedure.[2] In his Response, Plaintiff contends that he did, in fact, file a grievance June of 2011 and that its untimeliness should be excused because he did not have access to the inmate handbook and, as such, was unaware of the time requirements.

Even if Plaintiff did, in fact, file a grievance in June, 2011 concerning the events of January 2010, his grievance would have been untimely and therefore insufficient to exhaust his administrative remedies. The Eleventh Circuit has stated that "an untimely grievance does not satisfy the exhaustion requirement of the PLRA." Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005). Moreover, Plaintiff's representation that he was unaware of the grievance procedure is not particularly credible. As this Court has previously observed, Plaintiff is an experienced litigator who has filed nine lawsuits in this Court. In one of those lawsuits, Plaintiff admitted that he was a frequent participant in the grievance procedure, explaining, "I filed so many grievances while I was at the jail, the form should be called "Willie" or named after me." See Wright v. Waller, Case

---

[2]Provision 1.2.1 of the Baldwin County Sheriff's Office Inmate Handbook provides "When you feel that you have a legitimate complaint, the first step is to file a grievance form within five (5) days of the date of the incident, which has given rise to the complaint." Doc.8-2, p.5.

No. 5:10-cv-254 (MTT), June 15, 2011 Report and Recommendation (Doc. 26), p. 3 n. 2. On this basis, Plaintiff's claimed ignorance of the relevant procedural requirements is not sufficient to overcome the fact that he has failed to properly exhaust his administrative remedies.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 29th day of June, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge